FILED
SEP 13 2017
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WU YINGZHUO<br>     a/k/a mxmtmw"<br>     a/k/a "Christ Wu"<br>     a/k/a "wyz"<br>DONG HAO<br>     a/k/a "Bu Yi"<br>     a/k/a "Dong Shi Ye"<br>     a/k/a "Tianyu"<br>XIA LEI<br>     a/k/a "Sui Feng Yan Mie" | Criminal No. 17-247<br><br>[UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and James T. Kitchen, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned an Eight-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to Commit Computer Fraud<br><br>From in or about 2011 to in or about May 2017 | 18 U.S.C. § 1030(b) | ALL |

| 2 | Conspiracy to Commit Trade Secret Theft | 18 U.S.C. § 1832(a)(5) | ALL |
|---|---|---|---|
|   | From in or about 2011 to in or about May 2017 |   |   |
| 3 | Wire Fraud | 18 U.S.C. §1343 | ALL |
|   | From in and around 2011 to in and around May 2017 |   |   |
| 4-8 | Aggravated Identity Theft | 18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028(c)(4) and 2 | ALL |
|   | From on or about June 6, 2017 to on or about January 22, 2016 |   |   |

## II. ELEMENTS OF THE OFFENSE

**A.     As to Count 1:** In order for the crime of Conspiracy to Commit Computer Fraud, in violation of 18 U.S.C. § 1030(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendants conspired and agreed with another person to commit computer fraud.

2. That the defendants were a party to or member of that agreement.

3. That the defendants joined the agreement or conspiracy knowing of its objective to commit computer fraud and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objectives to commit offenses against the United States.

  **B.** **As to Count 2:** In order for the crime of Conspiracy to Commit Trade Secret Theft, in violation of 18 U.S.C. § 1832(a)(5), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

  1. That two or more person agreed to commit an offense set forth under subsection (a) of Title 18, United States Code, Section 1832;

  2. That the defendants were a party to or member of that agreement;

  3. That the defendants joined the agreement or conspiracy knowing of its objective to commit an offense in violation of subsection (a) of 18 U.S.C. § 1832, and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendants and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit an offense in violation of subsection (a) of 18 U.S.C. § 1832.

  4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

  **C.** **As to Count 3:** In order for the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

  1. That the defendants devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

  2. That the defendants acted with the intent to defraud; and

  3. That in advancing, furthering, or carrying out the scheme, the defendants

transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Third Circuit Model Criminal Jury Instruction 6.18.1343.

    **D.**    **As to Counts 4-8:** In order for the crime of Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendants violated the Computer Fraud and Abuse Act, as charged in Count 1 or the Wire Fraud statute as charged in Count 3;

    2.    That the defendants, during and in relation to that conspiracy or fraud, knowingly transferred, possessed or used, a "means of identification;"

    3.    Without lawful authority; and

    4.    Which means of identification belonged to another person.

### III. PENALTIES

    **A.**    **As to Count 1: Conspiracy to Commit Computer Fraud (18 U.S.C. § 1030(b):**

    1.    <u>Individuals</u> - The maximum penalties for individuals are:

    (a)    imprisonment of not more than 5 years (18 U.S.C. § 1030(c)(2)(B));

    (b)    a fine not more than the greater of;

    (1)    $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

    (2)    an alternative fine in an amount not more than the

greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    (d) Any or all of the above.

 **B. As to Count 2: Conspiracy to Commit Trade Secret Theft (18 U.S.C. §1832(a)(5)):**

  1. A term of imprisonment of not more than 10 years;

  2. A fine of up to $250,000 or twice the pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

  3. A term of supervised release of not more than three years.

 **C. As to Count 3: Wire Fraud (18 U.S.C. § 1343):**

  1. <u>Individuals</u> - The maximum penalties for individuals are:

    (a) imprisonment for not more than twenty (20) years;

    (b) a fine not more than the greater of;

     (1) $250,000 (18 U.S.C. § 3571(b)(3));

      <u>or</u>

     (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c) a term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559, 3583);

    (d) Any or all of the above.

  **D.** **As to Counts 4-8: Aggravated Identity Theft (18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028(c)(4) and 2):**

   1. A term of imprisonment of two years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4) (18 U.S.C. § 1028A(a)(1), (b));

   2. A fine not more than the greater of:

    (1) $250,000 (18 U.S.C. § 3571(b)(3));

or

    (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

   3. A term of supervised release of not more than one (1) year (18 U.S.C. § 3583);

   4. Any or all of the above.

  **IV.** **MANDATORY SPECIAL ASSESSMENT**

  A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Restitution may be required in this case as to all Counts, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

_____
JAMES T. KITCHEN
Assistant U.S. Attorney
PA ID No. 308565